NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 14 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TATEVIK HAYRAPETYAN, | No. 09-73933 |
| Petitioner, | Agency No. A096-494-304 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2013[**]
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

Petitioner Tatevik Hayrapetyan appeals from the Board of Immigration

Appeals' (BIA's) denial of her motion to reopen her case based on ineffective

assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the BIA's denial of a motion to reopen for abuse of discretion, *Cano-Merida v. I.N.S.*, 311 F.3d 960, 964 (9th Cir. 2002); its determination of questions of law, including claims of ineffective assistance of counsel, de novo, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005); and its factual findings for substantial evidence, *id*.

While there is no Sixth Amendment right to counsel in deportation proceedings, the Fifth Amendment's due process clause ensures that no petitioner's proceeding is "so fundamentally unfair that [she is] prevented from reasonably presenting [her] case." *Gonzales*, 400 F. 3d at 793. To prevail on a claim of ineffective assistance of counsel, the petitioner must show (1) that her counsel performed deficiently, and (2) that she was prejudiced by that deficient performance. *Id.* Hayrapetyan cannot make either showing. Hayrapetyan argues that her attorney performed deficiently by withdrawing her application for adjustment of status and requesting voluntary departure as an alternative form of relief. Under Ninth Circuit case law, however, counsel's tactical decision, even if "unwise" in retrospect, does not amount to deficient performance unless petitioner can show that the decision fell below the level of professional competence. *See Magallanes-Damian v. I.N.S.*, 783 F.2d 931, 934 (9th Cir. 1986). Given Hayrapetyan's inconsistent testimony regarding whether she entered the United

States without inspection, and the absence of any evidence corroborating her later claim that she entered with inspection, we cannot construe her counsel's recommended course as anything other than a defensible tactical decision.

Even if we were to bypass this first step, Hayrapetyan cannot satisfy the second. Her representation that she entered the United States without inspection, made through two different attorneys at two different hearings, forecloses any claim that she was prejudiced, as her uninspected entry into the United States made her ineligible for adjustment of status under § 245(i) of the Immigration and Nationality Act.

**AFFIRMED.**